IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RUBEN GIL, as Personal Representative
of the Estate of
GABRIEL ULYSSES GIL and
ISABEL MARIE GIL, deceased,

        Plaintiffs,

*And*

ELMER U. CURRENCE,
as Personal Representative of the Estate of
KIMBERLY DAWN GIL, deceased,

        Plaintiff Intervenor,

*vs.*                                      Civil Action Number 1:06CV122

FORD MOTOR COMPANY;
ELKINS FORDLAND, INC.;
TRW VEHICLE SAFETY SYSTEMS, INC.; and
JOHN DOE COMPONENT PART
MANUFACTURERS 1-5,

        Defendants.

## ORDER GRANTING FORD MOTOR COMPANY'S MOTION FOR <u>SHARING</u> PROTECTIVE ORDER[1]

On June 18, 2007, Defendant Ford Motor Company ("Ford") filed its Motion for Sharing Protective Order [Docket Entry 135]. Ford attached to its Motion a "Sharing Protective Order" to be entered by the Court. From a review of the docket it appears that no formal response or objection was filed to the Motion.

In its motion, Ford represents to the Court that "Plaintiffs agree upon all but one provision of Ford's proposed Sharing Protective Order." The provision upon which the parties apparently

---

[1] The Court notes that Ford previously filed a Motion for Non-Sharing Protective Order [Docket Entry 126]. That Motion will be addressed by separate Order.

could not agree is as follows:

> .... In addition, all documents that are filed with the Court that contain any portion of any "Protected Document" or information taken from any "Protected Document" shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the titled of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject to Protective Order" and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

Plaintiff's objection to the provision above was that it was a "procedural nightmare." Plaintiff suggested that, instead of filing the documents in a sealed envelope, the documents "shall be lodged with contemporaneous written notice being provided to the party who produced the records. The party who produced the documents may then file an appropriate motion or application to file the material under seal . . . ."

Contrary to Plaintiff's objection (as stated in the correspondence attached to Ford's motion) the Court finds Ford's provision for filing protected documents is not only reasonable and efficient, but is one that has been utilized in numerous other cases before this Court. The Court further finds that Plaintiff's suggestion is more likely to cause the "procedural nightmare," in that the "protected" documents will have been filed and, with the immediacy of electronic filing, will be viewable by anyone with access until such time as the party that desires they be sealed files a motion with the Court and the Court decides the issue. At best, this procedure subjects "protected" documents to disclosure to those not intended to be the recipients of the documents. At worst, it could lead to claims of "waiver" and loss of trade secret and other protections.

The Court therefore finds that the "Sharing Protective Order" is appropriate in this matter, and **GRANTS** Ford Motor Company's Motion for Sharing Protective Order [Docket Entry 135].

The Court shall, contemporaneously with this Order, enter the "Sharing Protective Order" submitted by Ford as "Exhibit A" to its Motion, minus the signature pages contained on pages 8, 9, and 10 of the exhibit.

It is so **ORDERED**.

The United States Court Clerk for the Northern District of West Virginia shall provide a copy of this Order to counsel of record.

DATED: August 29, 2007

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE