# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RUBEN GIL, as Personal Representative**
**of the Estate of**
**GABRIEL ULYSSES GIL and**
**ISABEL MARIE GIL, deceased,**

        **Plaintiffs,**

*And*

**ELMER U. CURRENCE,**
**as Personal Representative of the Estate of**
**KIMBERLY DAWN GIL, deceased,**

        **Plaintiff Intervenor,**

*vs.*                                 **Civil Action Number 1:06CV122**

**FORD MOTOR COMPANY;**
**ELKINS FORDLAND, INC.;**
**TRW VEHICLE SAFETY SYSTEMS, INC.; and**
**JOHN DOE COMPONENT PART**
**MANUFACTURERS 1-5,**

        **Defendants.**

## ORDER

Pursuant to the Order dated October 2, 2007 [Docket Entry 199] scheduling a telephonic hearing on Defendant Ford's Motion for Inspection and Disassembly of Certain Components of Subject Vehicle [Docket Entry 177] and notice of the Court's intent to conduct a Rule 16 status conference on the following pending motions: Ford Motor Company's Motion to Strike Discovery Response and to Compel [Docket Entry 111] and Ford Motor Company's Motion to Strike Discovery Objections and to Compel Ford Documents Identified in Plaintiff Intervenor's Initial Disclosures [Docket Entry 114], on Wednesday, October 10, 2007, at 9:00 a.m. came the Plaintiffs (Gil) by James A. McKowen, Intervenors (Currence) by Samuel D. Elswick and Clarice J. Letizia, Defendants (Ford and TRW) by Debra C. Price, C.Craig Woods, Michael Bonasso and Susan Wong Romaine.

Thereupon the Court first heard arguments by interested counsel relative to the issues raised by Defendant Ford's Motion for Inspection and Disassembly of Certain Components of Subject Vehicle [Docket Entry 177]. Succinctly stated, Defendants want their experts to disassemble and inspect certain components of the restraint system in the 1995 Ford Explorer that is the subject of the within product liability litigation, to wit: P1 Buckle, P1 Retractor, P4 and P6 Buckle and P4 and P6 Retractor. Disassembly and inspection is to be performed pursuant to a written protocol. Defendants do not object and favor Plaintiff's and Intervenor's experts and videographer to be present during the disassembly and inspection process to record all that is being done.

Plaintiff and Intervenor object to the disassembly and inspection citing spoliation of evidence. Intervenor seeks to have tests performed on the seat or seats in question using a surrogate of the same approximate stature of Intervenor's decedent.

Defendant's do not object to Intervenor being given an opportunity to conduct "surrogate testing" prior to Defendants disassembly and inspection.

The Court finds that: this is an alleged failure of a mechanical part or part which is in part the basis of Plaintiff's and Intervenor's claims of product liability (design or otherwise); Plaintiff and Intervenor have had and continue to have controlled constructive possession of and access to the evidence (the 1995 Ford Explorer) which is the subject of the pending litigation; inspection and / or testing of a seatbelt and restraint system in this Ford Explorer is not practical without some removal in order for expert witnesses to be able to formulate opinions which are free from being discredited based solely on the lack of opportunity for adequate examination and testing; any removal necessitated will be governed by a strict protocol; and the effect of any spoliation of evidence will be minimized by giving Plaintiff and Intervenor additional time to conduct testing including surrogate testing prior to any removal, examination and testing by Defendants and by permitting Plaintiff and Intervenor to

have their respective expert and their respective videographer present to monitor and record during Defendants' removal, examination and testing.

It appears to the Court that the parties may benefit from an additional one week period of time in which to meet and confer with respect to the protocol to be utilized in the removal, examination and testing of the components at issue in this motion. In the event the parties are unable to reach accord on the protocol by Wednesday, October 24, 2007 at 9:00 a.m., the Court will enter an order: 1) adopting the existing proposed protocol (adoption of the protocol shall not prevent the experts from working with each other during the removal, examination and testing process to make any necessary modifications to the procedure to the protocol as sometimes becomes necessary and occurs during such removal, examination and testing process); 2) permitting Plaintiff's and Intervenor's expert and videographer to be present and to video tape and memorialize the process of the removal, examination and testing process; 3) preventing such removal, examination and testing process from taking place sooner than four (4) weeks from October 17, 2007 (to wit: November 19, 2007) in order to permit Plaintiff and Intervenor time to conduct such surrogate testing and additional testing that is non-destructive of the evidence as they deem necessary prior to Defendant's removal, examination and testing process, provided appropriate notice of the intent to conduct such testing is given.

In accord with the foregoing, Defendant Ford's Motion for Inspection and Disassembly of Certain Components of Subject Vehicle [Docket Entry 177] is **GRANTED AS MODIFIED HEREIN.**

With respect to Docket Entry 114 [Ford Motor Company's Motion to Strike Discovery Objections and to Compel Ford Documents Identified in Plaintiff Intervenor's Initial Disclosures] it appears from the arguments of counsel that the Court's prior entry of a protective order did not resolve the disputes and motions; that the documents at issue were produced in other litigations involving Ford

and TRW and are the subject of protective orders of the jurisdictions in which those litigations were pending; that Ford and TRW are not willing to release the Plaintiffs in those cases from other jurisdictions from the protective orders covering those documents for use other than in this litigation; and that the identification of the documents at issue is itself in issue.

Recognizing that the parties may benefit from additional time to meet and confer in order to either narrow the issues or possibly resolve the issues raised by Docket Entry 114, the Court **CONTINUES** the hearing on Docket Entry 114 to 11:00 a.m. Eastern time on October 24, 2007 at which time the parties involved represented by Michael Bonasso and Clarice J. Letizia shall be connected to the Court by a telephone conference call initiated by Michael Bonasso to further argue their respective positions. In the likely event the parties by counsel are able to resolve their differences through the additional opportunity provided by this order to meet and confer, the parties may notify the Court and the hearing will be cancelled and an appropriate order memorializing the parties resolution will be entered.

With respect to the issues raised by Docket Entry 111 [Ford Motor Company's Motion to Strike Discovery Response and to Compel], based on the representations of James A. McKowen for Plaintiff and counsel for Defendant, Ford Motor Company, the Court's prior protective order resolved the issues raised by said motions and rendered moot Ford's motions under Docket Entry 111. The Court received nothing from counsel to indicate that the Court's prior protective order did not resolve the issues raised by said motions by the deadline of 9:00 am Eastern time October 18, 2007.

Accordingly, Ford Motor Company's Motion to Strike Discovery Response and to Compel is **DENIED AS MOOT** and the Clerk is directed to remove the same from the docket of motions actively pending before this Court.

It is so **ORDERED**.

The United States Court Clerk for the Northern District of West Virginia shall provide a copy of this Order to counsel of record.

DATED: October 18, 2007

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**