IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT CLARKSBURG

RUBEN GIL, as Personal Representative
of the Estates of
GABRIEL ULYSSES GIL, and,
ISABEL MARIE GIL, DECEASED,

    Plaintiff,

and

ELMER CURRENCE, as Personal Representative
of the Estate of
KIMBERLY DAWN GIL, DECEASED,

    Plaintiff Intervenor,

v.                                                                               CIVIL ACTION NO. 1:06-CV-122

FORD MOTOR COMPANY,
TRW VEHICLE SAFETY
SYSTEMS, INC., and
JOHN DOE COMPONENT PART
MANUFACTURERS 1-5,

    Defendants.

## AGREED ORDER

       On this day came Plaintiff Intervenor, Elmer Currence, by counsel, and defendant, Ford Motor Company ("Ford"), by counsel, and jointly announced to the Court that they reached an agreement with respect to Ford Motor Company's Motion to Strike Discovery Objections and to Compel Ford Documents Identified in Plaintiff Intervenor's Initial Disclosures. Whereupon, Plaintiff Intervenor and Ford agree to the following:

    1.    On February 7, 2007, Ford served Ford Motor Company's Request for Production of Documents to Plaintiff Elmer Currence ("Request") upon Plaintiff Intervenor.

1

Ford's Request sought production of the Ford documents in possession of Plaintiff Intervenor or his counsel received from sources outside of this litigation and which Plaintiff Intervenor intends to use in support of his allegations in this matter.

2. On March 23, 2007, Plaintiff Intervenor responded to Ford's Request, and through subsequent correspondence with Ford's counsel, indicated that the Ford documents identified in Plaintiff Intervenor's Initial Disclosures were responsive to Ford's Request.

3. The parties were unable to agree as to whether the documents identified in Plaintiff Intervenor's Initial Disclosures, that were produced by Ford subject to protective orders in other cases, could be produced in this case without violation of those protective orders. Therefore, on April 24, 2007, Ford filed Ford Motor Company's Motion to Strike Discovery Objections and to Compel Ford Documents Identified in Plaintiff Intervenor's Initial Disclosures ("Motion").

4. Following briefing by the parties, the Court held hearings with respect to Ford's Motion on June 25, 2007 and October 17, 2007.

5. Subsequent to the October 17, 2007 hearing, the parties reached an agreement with respect to the Ford documents identified in Plaintiff Intervenor's Initial Disclosures. After Ford provided Plaintiff Intervenor with a list of the Ford documents from the Initial Disclosures that were unidentifiable, Plaintiff Intervenor stated that the documents which Ford was unable to identify were documents which Plaintiff Intervenor's counsel anticipates using in this case, but has not yet received from Ford. Once Plaintiff Intervenor receives documents

responsive to Plaintiff Elmer Currence's First Requests for Production of Documents to Ford Motor Company, he will specify which documents he will use and rely upon in this case, in accordance with the Rules and the Court's Scheduling Order.

6. Further, Plaintiff Intervenor's counsel represented that aside from the documents listed in Plaintiff Intervenor's Initial Disclosures, Plaintiff Intervenor does not have any other documents responsive to Ford's Request for Production. However, if Plaintiff Intervenor receives any other documents responsive to Ford's Request for Production, he will notify Ford and supplement his Response in accordance with the Federal Rules of Civil Procedure.

7. Thus, Plaintiff Intervenor and Ford have resolved their differences with respect to Ford Motor Company's Motion to Strike Discovery Objections and to Compel Ford Documents Identified in Plaintiff Intervenor's Initial Disclosures.

Based upon such representations by the parties, and the Court deeming it otherwise just and proper to do so, Ford Motor Company's Motion to Strike Discovery Objections and to Compel Ford Documents Identified in Plaintiff Intervenor's Initial Disclosures is **DENIED AS MOOT** and the Clerk is directed to remove the same from the docket of motions actively pending before this Court.

It is **ORDERED.**

The Clerk is directed to send a certified copy of this Order to all counsel of record.

ENTERED this ___ day of _____, 2007.

HONORABLE JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

3

*Prepared by:*

_____
Michael Bonasso, Esq. (WV State Bar #394)
Alonzo D. Washington, Esq. (WV State Bar #8019)
Susan Wong Romaine, Esq. (WV State Bar #9936)
Flaherty, Sensabaugh & Bonasso, P.L.L.C.
Post Office Box 3843
Charleston, West Virginia 25338-3843
(304) 345-0200
(304) 345-0260 (facsimile)

and

Thomas E. Bazemore III, Esq. (Pro Hac Vice)
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South
Suite 200
Birmingham, AL 35223
**Counsel for Ford Motor Company**


*Approved by:*

_____
Samuel D. Elswick, Esq.
James F. Humphreys & Associates, L.C.
United Center, Suite 800
500 Virginia Street, East
Charleston, WV 25301

and

Brian D. Chase, Esq.
Clarice J. Letizia, Esq.
James M. Lloyd, Esq.
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92660
*Counsel for Elmer Currence*

4

*Inspected by:*

*Catherine Smith by Susan V Romaine*
James A. McKowen, Esq.
James F. Humphreys & Associates, L.C.
United Center, Suite 800
500 Virginia Street, East
Charleston, WV 25301

and

Catherine Smith, Esq.
Ramon Garcia Law Offices
222 W. University Drive
Edinburg, TX 78539
*Counsel for Ruben Gil*

*Aaron T. Brogdon by Susan V Romaine*
Philip J. Combs, Esq.
Debra C. Price, Esq.
Allen, Guthrie, McHugh & Thomas
P.O. Box 3394
Charleston, WV 25333-3394

and

Aaron T. Brogdon, Esq.
Jeffrey G. Mussman, Esq.
C. Craig Woods, Esq.
Squire, Sanders & Dempsey L.L.P.
1300 Huntington Center
41 South High Street
Columbus, OH 43215-6197
*Counsel for TRW Vehicle Safety Systems Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT CLARKSBURG

RUBEN GIL, as Personal Representative
of the Estates of
GABRIEL ULYSSES GIL, and,
ISABEL MARIE GIL, DECEASED

    Plaintiffs,

And

ELMER U. CURRENCE,
Personal Representative of the Estate of
KIMBERLY DAWN GIL, DECEASED

    Plaintiff Intervenor,

v.                                                   CIVIL ACTION NO. 1:06-CV-122

FORD MOTOR COMPANY;
TRW VEHICLE SAFETY
SYSTEMS, INC.; and
JOHN DOE COMPONENT PART
MANUFACTURERS 1-5;

    Defendants.

## CERTIFICATE OF SERVICE

I, Susan Wong Romaine, counsel for the Defendant, Ford Motor Company, hereby certify that on the 5th day of November, 2007, I served the **AGREED ORDER** through the CM/ECF Court System to the following counsel of record:

| | |
|---|---|
| James A. McKowen, Esq. | Samuel D. Elswick, Esq. |
| James F. Humphreys & Associates, L.C. | James F. Humphreys & Associates, L.C. |
| United Center, Suite 800 | United Center, Suite 800 |
| 500 Virginia Street, East | 500 Virginia Street, East |
| Charleston, WV 25301 | Charleston, WV 25301 |
| *Counsel for Ruben Gil* | *Counsel for Elmer Currence* |

Philip J. Combs, Esq.
Debra C. Price, Esq.
Allen, Guthrie, McHugh & Thomas
P.O. Box 3394
Charleston, WV 25333-3394
*Counsel for TRW Vehicle Safety Systems Inc.*

Jeffrey G. Mussman, Esq.
C. Craig Woods, Esq.
Aaron T. Brogdon, Esq.
Squire, Sanders & Dempsey L.L.P.
1300 Huntington Center
41 South High Street
Columbus, OH 43215-6197
*Counsel for TRW Vehicle Safety Systems Inc.*

Catherine Smith, Esq.
Ramon Garcia Law Offices
222 W. University Drive
Edinburg, TX 78539
*Counsel for Ruben Gil*

Brian D. Chase, Esq.
Clarice J. Letizia, Esq.
James M. Lloyd, Esq.
Bisnar Chase LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92660
*Counsel for Elmer Currence*

/s Susan W. Romaine
Susan Wong Romaine (WV State Bar #9936)